MICHAEL J. BURKE et al., Plaintiffs, *v.* HIDE & LEATHER REALTY Co., INC., Defendant.

Supreme Court, Trial Term, New York County, March 30, 1944.

*Nathan Immerman* for plaintiffs.

*Raymond D. O'Connell* and *Edmond Borgia Butler* for defendant.

BENVENGA, J. Action to recover overtime compensation under the Fair Labor Standards Act of 1938.

Plaintiffs, fifteen in number, are elevator operators, porters, watchmen and engineers, engaged in the maintenance of a seventeen-story building located at 100 Gold Street, borough of Manhattan. The defendant is the owner of the building.

The building is occupied by thirty-three tenants, who, for the most part, employ salesmen, clerks, stenographers and other

types of office help. Concededly, fifteen of the tenants are not engaged in interstate commerce or in the production of goods for interstate commerce. There is evidence, however, that the other eighteen are, to some extent, engaged in interstate commerce. By stipulation, the only issue presented is whether these tenants are engaged in the production of goods for interstate commerce. Plaintiffs contend that they are so engaged. The evidence does not bear out their contention.

The tenants in question are in the hide and leather business. For the most part, they represent tanneries, and occupy the space rented to them as sales offices and show rooms. They receive bales, cases and bundles containing hides, skins and leather. These, at times, they unpack and grade and sort the contents. Occasionally, a few tenants trim the skins with an ordinary shears, but only when the work has not been properly done at the tannery. In addition, a tenant sprinkles talcum powder on the skins delivered to him.

No machinery is kept or used by any of the tenants; nor is manufacturing, production or processing of any kind carried on or done by them. Moreover, even if the trimming and the sprinkling of powder be considered " production " or " processing." within the meaning of the Act, the nature and extent of this work is of such an insignificant and negligible character as clearly not to come within the purview of the Act.

In short, the building is rented and used as an ordinary office building, and not as a loft or factory building; and, while some of the tenants are engaged in interstate commerce, none is engaged in the production of goods for interstate commerce.

It follows, therefore, that the plaintiffs are not engaged in any occupation necessary to the production of goods for interstate commerce and do not come within the coverage of the Act. (See *N. Y. Title & Mtge. Co.* [*2–8 W. 46th St., Manhattan*], 179 Misc. 789; *Belies* v. *Pennsylvania Building, Inc.*, 180 Misc. 1062.) The case of *Kirschbaum Co.* v. *Walling* (316 U. S. 517), upon which plaintiffs rely, holds nothing to the contrary. There, as pointed out in the *N. Y. Title & Mtge. Co.* case (*supra*), the Supreme Court held that " the employees of the owners of loft buildings, such as elevator operators, firemen, engineers, porters, carpenters and carpenters' helpers, came within the coverage of the Act, *where the tenants of the building were principally engaged in the production of goods for commerce.*" That is not the situation here.

Accordingly, judgment is directed for the defendant, and the complaint is dismissed.